**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4402**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LELAND KEITH EDWARDS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00375-WO-1)

_____

Submitted:  December 9, 2014          Decided:  December 19, 2014

_____

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Greg Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leland Keith Edwards pled guilty in accordance with a written plea agreement to failure to register as a sex offender, 18 U.S.C. § 2250 (2012). He was sentenced to twenty-four months in prison. Edwards appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Because Edwards asserts no procedural error, we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances" and giving due deference to the district court's decision. See id. at 51. We presume that a sentence within or below a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Here, the district court reasonably determined that a sentence of twenty-four months was appropriate. In imposing sentence, the court considered Edwards' Guidelines range of 24-30 months, the 18 U.S.C. § 3553(a) (2012) factors, the arguments of counsel and Edwards' allocution. The court was particularly concerned that the instant conviction was Edwards' second for failure to register; however, the court also recognized certain complexities associated with registration

requirements. The court noted that the offense was serious and stated that the sentence was tailored to protect the public and to deter similar conduct. Given the totality of the circumstances, we hold that the district court did not abuse its discretion in imposing the presumptively reasonable, within-Guidelines sentence.

We accordingly affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED